UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | No. 18 CR 35 |
| JAMES VORLEY and | : | |
| CEDRIC CHANU, | : | Hon. John J. Tharp, Jr. |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION FOR ORDER REGARDING WORK PRODUCT**

Pursuant to Federal Rule of Evidence 502(d), the government respectfully requests entry of an order that disclosure of the government's "selection criteria" does not constitute waiver of applicable privileges.

On January 10, 2020, the defendants moved to compel disclosure of certain information. Docket No. 141. On February 12, 2020, the Court ordered, *inter alia*, that the government "disclose the selection criteria it used in identifying potentially fraudulent trades" (the "Selection Criteria"). Docket No. 158.

The government is providing defense counsel a letter with the Selection Criteria. However, the government's compliance with the Court's order in this case should not be construed as a waiver of work product privilege or any other privilege applicable to the Selection Criteria for any case or proceeding beyond this case. As provided under the Federal Rules of Evidence, "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." F.R.E. 502(d).

The government seeks an order from the Court with a specific finding regarding waiver to avoid any doubt in the public record. There are important legal and practical reasons for entry of this order. First, the Selection Criteria constitute work product developed for the government's investigations into manipulative trading practices in the commodities markets. *See United States v. Smith*, 502 F.3d 680, 689 (7th Cir. 2007) (defining work product in criminal proceedings to include "documents prepared by an attorney or the attorney's agent to analyze and prepare the client's case"). As the government has numerous ongoing cases and investigations in this area, the government has an interest in protecting its work product from disclosure. Consistent with the government's briefing in this case, the government does not intend to place the Selection Criteria at issue in this trial, and intends to oppose any evidence or argument by defense counsel as to the Selection Criteria. Second, disclosure of the Selection Criteria could create future enforcement challenges for the government. For instance, if the general public could learn the Selection Criteria, would-be fraudsters could design or alter their manipulative trading in a way that evades the disclosed Selection Criteria in an effort to avoid detection.

For the foregoing reasons, the government respectfully requests entry of the proposed enclosed order finding that disclosure of the Selection Criteria in this case does not waive the government's privileges in this or any other matter.

Respectfully submitted,

ROBERT A. ZINK
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: */s/ Leslie S. Garthwaite*
Brian Young, Deputy Chief
Avi Perry, Assistant Chief
Leslie S. Garthwaite, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Telephone: (202) 631-6388
Email: leslie.garthwaite@usdoj.gov

Dated: February 18, 2020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : No. 18 CR 35 |
| JAMES VORLEY and | : |
| CEDRIC CHANU, | : Hon. John J. Tharp, Jr. |
| | : |
| Defendants. | : |

## PROPOSED ORDER

WHEREFORE, the Court finds good cause for entry of an Order pursuant to Federal Rule of Evidence 502(d) for the reasons stated in the government's motion;

IT IS HEREBY ORDERED that the government's production of Selection Criteria (pursuant to the Court's order at Docket 158) to the defense in the above-captioned case shall not constitute a waiver of any applicable privilege, including work product privilege in this or any other case, matter, or investigation.

_____
The Honorable John J. Tharp, Jr.

## **CERTIFICATE OF SERVICE**

I certify that by electronically filing a copy of the Motion for Order Regarding Work Product through the court's electronic docketing system on February 18, 2020, I caused the Government's opposition to be filed on the defendants' counsel of record, who are ECF Filing Users and are served electronically by the Notice of Docket Activity.

                                                       */s/ Leslie S. Garthwaite*
                                                       Leslie S. Garthwaite
                                                       Trial Attorney, Fraud Section