UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Hon. John J. Tharp, Jr. |
| JAMES VORLEY and<br>CEDRIC CHANU, | No. 18-cr-35 |
| Defendants. | |

**SUPPLEMENT TO**
**MOTION TO INTERVENE AND MOTION TO COMPEL**

This supplement provides information concerning post-briefing developments that may be relevant to the Court's disposition of (1) the pending motion to intervene or, in the alternative, for *amicus* status (Dkt. No. 210) and (2) the pending motion to compel disclosure of an *ex parte* filing by the Government (Dkt. No. 223). (The Government has not opposed the motion to compel but has not produced the relevant filing.)

**I.  Correspondence Between a Member of Congress and the Inspector General**

On April 6, 2020, a Member of Congress—who also sits on a congressional oversight committee—requested information in writing from the Department of Justice's Inspector General on the status of his office's review (if any) of the issues raised by the Memo that precipitated the Defendants' pending motion for disclosure. The Inspector General provided a response on May 11, 2020 that promised "an update in the near future." The Inspector General did not provide an update, so on June 4, 2020, the Member requested a substantive response "within three days."

It is my understanding that, to date, the Inspector General has not responded. This is based on the correspondence and information that has been provided to me in writing, which I am prepared to provide to the Court *ex parte* upon request. In addition, staffers in at least one other

office of a Member of Congress (also a member of the congressional oversight committee) have expressed interest in investigating the matters raised by the Memo, but I do not know whether or to what extent any such inquiry has begun, particularly given competing demands on Congress's resources and time in the current environment.

As the Court is aware, the Government has also failed to tell this Court whether or to what extent any investigation by the Inspector General is, in fact, underway. As a result, there remains no reason for the Court to defer to the Inspector General to evaluate "the claims [in the Memo] in the first instance," as the Government has suggested (Dkt. No. 190 at 21 n.2).

## II. Correspondence from the Office of Professional Responsibility

On June 4, 2020, the Department of Justice's Office of Professional Responsibility stated in a letter (among other things) that "[l]acking an individual's consent, an official Department acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of records related to claims of misconduct by an individual would constitute a clearly unwarranted invasion of personal privacy." (Exhibit A at 2.) The representation was made in response to a request for records pursuant to the Freedom of Information Act.

The statement from the Office of Professional Responsibility is relevant to the disclosure that is at issue in the motion to compel. As noted previously, that disclosure may have violated the Privacy Act, which generally prohibits the disclosure of federal employees' personnel files without their consent and provides civil and criminal remedies for violations. *See* 5 U.S.C. § 552a(b), a(i)(1); *see also* U.S. Department of Justice, "Overview of the Privacy Act of 1974," *available at* https://www.justice.gov/opcl/overview-privacy-act-1974-2015-edition.

### III. Correspondence with the Department of Justice's Office of Privacy and Civil Liberties and Criminal Division

On April 24, 2020, I raised my concerns about the legality of the disclosure that is the subject of the motion to compel with the Department of Justice's Office of Privacy and Civil Liberties, which referred the matter to the Department's Criminal Division, which, in turn, houses the Fraud Section. I also requested a copy of the Government's filing itself.

On June 9, 2020, a representative of the Criminal Division responded by stating, in relevant part, that she had "determined that the filing of records under seal and ex parte do not [*sic*] constitute a violation of the Privacy Act." (Exhibit B at 1.)

The letter cites no authority, and its conclusion appears to be as legally unsound as the Government's repeated claims before this Court that there is no authority preventing it from submitting "nakedly pretextual" applications to judges (*see* Dkt. No. 190 at 14; *United States v. Bases*, 18-cr-48, Dkt. No. 257 at 20). The Criminal Division's position also cannot be reconciled with the position of the Office of Professional Responsibility (described above) or, more importantly, the Privacy Act, which contains an exception for disclosures to courts—but only if they are made "pursuant to [an] order," 5 U.S.C. § 552a(b)(11).

After receiving the letter on June 9th, I reiterated my request for a copy of the filing, but I was told last week that it would be treated as a request under the Freedom of Information Act that implicated "unusual circumstances," which would necessitate a delay in determining whether and to what extent a copy would be provided to me. (Exhibit C at 1.) The position is absurd—nakedly pretextual, even—since the Government has not opposed the motion to compel in this proceeding and the documents are readily available.

The Department of Justice's handling of this matter suggests an effort to prevent me from obtaining a copy of the filing by any means available—or, at least, until the Court resolves the

3

Defendants' motion for disclosure. This is true despite (1) the fact that, in my proposed filing, I explained that I had no objection to the Government providing anything it chose regarding my decision to leave the Department, provided that I had an equal opportunity to address the matter, and (2) the fact that the Government was unwilling to oppose the motion—or incapable of making a colorable argument to do so.

All of this further suggests that the Government may have provided the Court with a selective and misleading account—perhaps even a nakedly pretextual one—of what, as I have previously noted, was a months-long effort by the Fraud Section's senior management to punish me for raising concerns about the deficient professional performance and ethical misconduct of one of the Section's senior career officials at the time.[1]

### IV. The Department of Justice's Proposed "Release of Claims Agreement"

Among the relevant facts that the Government may have omitted from its *ex parte* filing with the Court is that they tried to persuade me not to sue the Department of Justice over the episode, even though I had never threatened legal action.

In particular, in mid-August 2019, the Chief of the Fraud Section provided me with an unsolicited, proposed "Release of Claims Agreement" between the Department of Justice and myself. (*See* Exhibit D.) That unsolicited proposal would have required me to waive any legal claims I had against the Department of Justice arising from its handling of my concerns about the senior career official, in exchange for the Government forgoing a proposed, retaliatory personnel action that was, in fact, nakedly pretextual. The agreement was never executed.

---

[1] It is my understanding that as of June 5, 2020, this official is no longer employed by the Department.

4

A senior Fraud Section official involved in the matter at the time (whose name I am prepared to provide to the Court *ex parte*) told me that the proposal was unprecedented in their experience, and that it suggested that the Department had concluded that its handling of the matter was unlawful.² Of course, when a government agency believes that someone has done something that legitimately warrants an administrative response, they usually do not conclude their work by asking the subject to pretend it never happened—and not to sue them. (*See* Exhibit D.)

In any event, if this document was not provided to the Court as part of the Government's *ex parte* filing, that may constitute a failure to provide a fulsome account surrounding the subject of the filing—already a highly unusual effort to secretly impeach someone whose testimony the Government was simultaneously claiming in public filings is irrelevant.

That should in turn give the Court further pause before accepting any representations by the Government. This is in addition to the fact that the Government has repeatedly argued before this Court that there is no authority preventing it from misleading the Court through "nakedly pretextual" filings, as well as the other pending proceedings in this country in which the Government has suggested that the courts should be a rubber stamp for whatever the executive branch chooses to put in front of them—even if it is false or reflects prosecutorial misconduct.³

---

2   *See generally* Jon O. Shimabukuro and L. Paige Whitaker, "Whistleblower Protection Act" in *Whistleblower Protections Under Federal Law: An Overview*, Congressional Research Service, Sept. 13, 2012, *available at* https://fas.org/sgp/crs/misc/R42727.pdf.

3   *See, e.g.*, "Judges Say Trial Court Not Rubber Stamp On Flynn Dismissal," *Law360*, June 12, 2020, *available at* https://www.law360.com/legalethics/articles/1282357/judges-say-trial-court-not-rubber-stamp-on-flynn-dismissal; Mengqi Sun, "Judge Hints at Potential Disciplinary Action for Prosecutors in Sanctions Case," *The Wall Street Journal*, June 10, 2020, *available at* https://www.wsj.com/articles/judge-hints-at-potential-disciplinary-action-for-prosecutors-in-sanctions-case-11591761963.

## V. The Supplemental Memo to the OIG

On May 28, 2020, I provided a supplement to the Memo that was previously submitted to the Office of the Inspector General. Among other things, the Memo discusses an internal Department of Justice email that recently came to my attention that further corroborates the concerns in the Memo that have been publicly reported. A member of the current prosecution team in this case received the email in question.

If the Court determines that the Memo should be produced to the Court (and/or to the Defendants), I respectfully submit that the supplement should be included for completeness.

\*         \*         \*

I am available at the Court's convenience to answer any questions that it may have regarding any of the matters addressed above or in my prior filings, under oath or otherwise.

Dated: June 15, 2020

Respectfully submitted,

/s/
Ankush Khardori, Esq.
ankushk@gmail.com

6