UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES VORLEY and<br>CEDRIC CHANU,<br><br>Defendants. | No. 18 CR 35<br><br>Judge John J. Tharp, Jr. |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO PRECLUDE
USE OF CERTIFICATES TO ADMIT CERTAIN EVIDENCE**

On August 21, 2020, the defendants moved to preclude the government from introducing into evidence certain self-authenticating business records under Federal Rule of Evidence 803(6) via certifications that comply with Federal Rule of Evidence 902(11) and 18 U.S.C. § 3505. *See* Def.s' Mot. to Preclude Gov't's Proposed Use of Certificates to Admit Certain Evidence (Doc. No. 283) ("Motion" or "Mot."). Since then, the defendants have stipulated to the authenticity of the disputed exhibits.[1] Nevertheless, the defendants continue to challenge the admissibility of the relevant exhibits as business records under Rule 803(6), and to maintain that the government must produce a live witness to testify at trial in lieu of relying on certifications under Rule 902(11) and Section 3505.

The Motion has no merit. The exhibits in question—corporate compliance policies, training records, compensation records, and other human resources files—are classic

---

[1] Among other stipulations, as relevant here, the parties have agreed that "[a]ll documents endorsed with bates numbers beginning with 'DB_PM,' 'PM,' or UBSUK," 'BOA,' 'DOJ-HSBC,' 'MS-CFTC,' 'DLIEW,' 'DPW-DL,' or 'D' and produced by the United States to the defense or by the defense to the United States on or before August 24, 2020 are true and accurate copies of documents maintained by the relevant custodians. As such, these documents satisfy Fed. R. Evid. 901." The parties also stipulated to certain facts which obviated the need for the government to introduce exhibits that it previously intended to offer as business records.

examples of business records. Moreover, the defendants' insistence on the use of live witnesses for authentication purposes is problematic since they have already conceded that the underlying records are authentic. As a result, the reliability concerns that typically render out-of-court statements inadmissible as hearsay do not apply here. *See Johnson v. Jaimet*, 852 F.3d 700, 705 (7th Cir. 2017) ("Rules barring hearsay are permissible because they protect triers of fact from considering untrustworthy information. But when hearsay statements are made and offered under circumstances that provide considerable assurance of their reliability, that justification for exclusion disappears." (quotation marks and citations omitted)). As such, the Court should deny the Motion and rule that the government has established the necessary Rule 803(6) foundation for each exhibit identified below.

## I. Relevant Exhibits

The disputed exhibits fall into two categories: (1) human resources materials, and (2) corporate compliance policies and related documents.

| **Human Resources Materials** | |
|---|---|
| GX 82 | Chanu compensation record (2008-2010) |
| GX 83 | Chanu compensation record (2011) |
| GX 84 | Chanu compensation record (2011-2012) |
| GX 85 | Chanu compensation record (2011-2013) |
| GX 86 | Vorley compensation record (2007-2013) |
| GX 88 | Vorley and Liew compensation record |
| GX 93 | Vorley Deutsche Bank offer letter |
| GX 94 | Chanu Deutsche Bank offer letter (London) |
| GX 95 | Chanu Deutsche Bank offer letter (Singapore) |
| GX 96 | Vorley performance evaluation (2011) |
| GX 98 | Vorley performance evaluation (2008) |
| GX 99 | Chanu performance evaluation (2008) |
| GX 100 | Chanu performance evaluation (2009) |
| GX 109 | Vorley employee profile |
| GX 110 | Chanu employee profile |
| GX 111 | Bases employee profile |
| GX 112 | Parker employee profile |

| | Corporate Compliance Materials |
|---|---|
| GX 128 | Deutsche Bank market conduct policy (2009) |
| GX 132, 132A | Deutsche Bank internal email to global metals traders on investigation into spoofing from 9/28/2012, and attachment (Deutsche Bank disruptive trading practices compliance PowerPoint) |
| GX 134 | Chanu compliance training completion log |
| GX 135 | Vorley compliance training completion log |
| GX 175 | Deutsche Bank market abuse overview packet |

## II. Business Records Exception

Certain records are "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness," including records of a regularly conducted activity. Fed. R. Evid. 803(6). Under Rule 803(6), a document qualifies as a business record if it was (A) "made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation…, [and] (C) making the record was a regular practice of that activity." *Id.* Rule 803(6) further provides that elements (A)-(C) may be satisfied by testimony of a records custodian "or another qualified witness," or "by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification," and provided that "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* If a certification is used, Rule 902 requires that the proponent of the certificate provide "written notice of the intent to offer the record" ensuring the other party has a "fair opportunity to challenge them." Fed. R. Evid. 902(11); *see also* 18 U.S.C. § 3505.[2]

---

[2] A Rule 902(11) certificate is not testimonial under the Confrontation Clause. *See United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006).

"To lay an adequate foundation under Rule 902(11) (or under Rule 803(6), which Rule 902(11) extends by allowing a written foundation in lieu of an oral one), the 'custodian of the records need not have personal knowledge of the actual creation of the document.'" *United States v. Adefehinti*, 510 F.3d 319, 325-26 (D.C. Cir. 2007) (quoting *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000)). Instead, it is sufficient if the custodian who signs the certification is "familiar with the company's recordkeeping practices." *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) (quotation marks omitted). Moreover, an adequate "[f]oundation under Rule 803(6) may . . . be established by circumstantial evidence, or by a combination of direct and circumstantial evidence." *United States v. Franco*, 874 F.2d 1136, 1140 (7th Cir. 1989) (quotation marks omitted). Where businesses have an interest in assuring the reliability of the type of the record offered, the Rule 803(6) foundation may be satisfied with reference to the nature of the document itself. *See United States v. Hines*, 564 F.2d 925, 928 (10th Cir. 1977) ("Automobile manufactures have a great interest in assuring that the VIN's on their products correspond with appropriate invoices, for without careful, reliable identification procedures their business would greatly suffer or even fail").

### III. Argument

Both types of disputed records that the government plans to introduce pursuant to Rule 803(6) are routinely admitted under this Rule. To successfully challenge the admissibility of these documents as business records, notwithstanding their undisputed authenticity and the existence of signed certifications, the defendants would need to demonstrate that the documents were not made and kept in the regular course of business by Deutsche Bank. That notion strains credulity.

Companies routinely create and maintain records relating to the hiring, employment terms, compensation, evaluation, and termination of employees. *See e.g.*, *Coates v. Johnson & Johnson*, 756 F.2d 524, 550 (7th Cir. 1985) (memoranda documenting employee performance were business records); *Ramsaran v. Booz & Co. (N.A.) Inc.*, No. 1:14-CV-708-GHW, 2015 WL 5008744, at *8 (S.D.N.Y. Aug. 24, 2015) ("Courts . . . have accepted personnel files and employee review documents as business records under Rule 803(6)." (collecting cases)). Because all of the disputed human resource materials easily fall within the type of records that a major international financial institution like Deutsche Bank would (and did) create and keep for its employees, they satisfy the requirements of Rule 803(6). Similarly, the disputed corporate compliance policies and training materials are classic business records that fall under Rule 803(6)'s hearsay exception. *See e.g.*, *Wood v. Kinetic Sys. Inc.*, 766 F. Supp. 2d 1080, 1088-89 (D. Idaho 2011) (court admitted company's written policy and employee handbook where defendant did "not explain how" the records were "anything other than an excepted business record" under 803(6)); *Dixon v. Int'l Fed'n of Accountants*, No. 09 CV 2839 (HB), 2010 WL 1424007, at *1 (S.D.N.Y. Apr. 9, 2010) ("the IFAC Employee Handbook qualifies as a business record under Rule 803").

Without any plausible merits-based objection to the disputed exhibits qualifying as business records, the defendants resort to challenging the custodian certifications through which the government intends to authenticate the exhibits. But having stipulated to authenticity, the defendants cannot seriously question the reliability of the government's exhibits. In any event, the accompany certifications are adequate under Rule 902(11). The government provided a certificate for each of the documents at issue from Margaret Dolson, the Director and Global Head of eDiscovery Services at Deutsche Bank. In the certificate,

Dolson states, "[t]hrough my employment, I have become familiar with the company's business operations and record keeping practices," and she "declare[s] that the documents identified… maintained by Deutsche Bank are original records or true copies of records that: a) were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters; b) were kept in the course of a regularly conducted business activity; c) were made by the said business activity as a regular practice; and d) if such records are not originals, such records are duplicates of the originals." *See* Ex. A (Dolson certification).[3] On its face, this satisfies the requirements of Rule 902(11), and in light of the stipulated authenticity and nature of the underlying records, there is no reason to doubt the accuracy of Dolson's certification. That result is not changed by the single case from another district cited by the defendants, *United States v Connolly*, No. 16 CR 370, 2019 WL 2120022, at *20 (S.D.N.Y. May 2, 2019), in which a *different* affiant for Deutsche Bank certified that Deutsche Bank prepared records, when in fact a vendor designee did so. *See* Mot. at 8.[4] That case does not justify the burdensome relief the defendants seek here, which is the most extreme option available. The Court should deny their Motion and reject their objections to admission of the disputed exhibits under Rule 803(6).

---

[3] Dolson's certification also lists other exhibits (in addition to those that are the subject of the Motion) that the government presently does not intend to offer as business records under Rule 803(6), either because any statements therein are not hearsay under Federal Rule of Evidence 801, or because the government is relying on another hearsay exception, or because the government no longer needs those exhibits in light of the parties' stipulations.

[4] The *Connolly* case also highlights the available alternatives short of requiring a witness to testify at trial to recordkeeping practices, including *voir dire* outside the jury's presence. *See* 2019 WL 2120022, at *20-21 (S.D.N.Y. May 2, 2019) (finding error with records certificates did not justify new trial).

Respectfully submitted,

ROBERT A. ZINK
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: /s/ *Avi Perry*
Brian Young, Deputy Chief
Avi Perry, Assistant Chief
Leslie S. Garthwaite, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Telephone: (202) 616-4619
Email: avi.perry@usdoj.gov

Dated: September 1, 2020

**CERTIFICATE OF SERVICE**

   I certify that by electronically filing a copy of the foregoing brief through the court's electronic docketing system on September 1, 2020, I caused the motion to be filed on the defendants' counsel of record, who are ECF Filing Users and are served electronically by the Notice of Docket Activity.

           */s/ Avi Perry*
           Avi Perry
           Assistant Chief, Fraud Section